UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAYLEEN K.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C19-5269-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in crediting a non-examining physician's opinion over opinions written by a treating physician. (Dkt. # 10 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1984, has one year of college education and vocational training as a nursing assistant and medical assistant, and has worked as a nursing assistant and fitness assistant. AR at 197, 446. Plaintiff was last employed in mid-2017. *Id.* at 199.

In September 2015, Plaintiff applied for benefits, alleging disability as of February 19,

ORDER - 1

2004.[1] AR at 216, 378-83. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 228-36, 240-49. After the ALJ conducted a hearing on April 17, 2018 (*id.* at 181-207), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 164-74.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since September 10, 2015, the application date.

Step two: Plaintiff's lumbar spine degenerative disc disease, status-post multiple lumbar spine surgeries, including disc replacement, removal, and fusion, is a severe impairment.

Step three: This impairment does not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity ("RFC"): Plaintiff can lift/carry 10 pounds occasionally and frequently. She can stand/walk two hours and sit for six hours, out of an eight-hour workday. She can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. She can frequently balance. She can occasionally stoop, kneel, and crouch. She can never crawl. She must avoid moderate exposure to vibrations and hazards, such as moving machinery and unprotected heights.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 164-74.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to September 10, 2015. AR at 186.
[2] 20 C.F.R. § 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

Plaintiff assigns error to the ALJ's assessment of the medical opinion evidence, specifically the ALJ's crediting of a State agency consultant's opinion over opinions written by her treating neurosurgeon, Robert Lang, M.D. (Dkt. # 10 at 6-11.) According to Plaintiff, the ALJ's reasons for doing so were not legally sufficient.

### A. Legal Standards

If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence,

and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions: "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Even though a non-examining physician has not treated or examined the claimant, a non-examining physician's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn v. Astrue*, 495 F.3d 625, 632-33 (9th Cir. 2007). An ALJ must explain the weight afforded to a non-examining physician's opinion and consider the opinion in the context of the entire medical record. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record.").

### B. Dr. Platter's Opinion

In this case, the ALJ gave great weight to most of the opinion of State agency medical consultant Howard Platter, M.D. AR at 170-71. Dr. Platter reviewed Plaintiff's record for the State agency at the reconsideration level, and opined that Plaintiff could, in relevant part, sit for about six hours in an eight-hour workday and push/pull on a "limited basis" with her left leg. *Id.* at 222-24. The ALJ discounted Dr. Platter's opinion that Plaintiff was limited in pushing/pulling with her left leg, finding that opinion to be inconsistent with medical evidence post-dating Dr. Platter's review, specifically Plaintiff's lack of left-leg complaints and consistent signs of a normal gait before her surgery in September 2017, as well as evidence of Plaintiff's ability to work in 2016 and 2017. *Id.* at 171. The ALJ also noted that Dr. Platter did not specify the degree

of limitation as to pushing/pulling, which led the ALJ to "find little probative value in that noted restriction[.]"[4] *Id.* (citing *id.* at 223).

Plaintiff argues that the ALJ erred in noting that Dr. Platter did not have the benefit of reviewing more than 500 additional pages of medical records that were added to the record after the time of his review. (Dkt. # 10 at 6.) The ALJ did note this fact, however, because the ALJ explained how Dr. Platter's opinion was inconsistent with subsequent medical evidence showing a lack of leg complaints as well as normal gait up until the time of Plaintiff's September 2017 surgery. AR at 171.

Plaintiff also contends that the ALJ erred in failing to acknowledge that much of Dr. Platter's opinion was essentially unexplained, because he generally referred to Plaintiff's degenerative disc disease as the basis for any exertional, postural, and environmental limitations. (Dkt. # 10 at 6 (referencing AR at 223-24).) Plaintiff cites no authority requiring an ALJ to explicitly discuss the degree of explanation provided by a physician, and the Court is not aware of any. Plaintiff's assertion that the ALJ erred in failing to explicitly mention the quality of Dr. Platter's explanations is unsupported and therefore fails.

Lastly, Plaintiff suggests that Dr. Platter implicitly opined that she required the ability to alternate between sitting and standing, and to use an assistive device for ambulation, because his form opinion includes references to those requirements. AR at 223. Indeed, the ALJ did not mention or account for those parts of Dr. Platter's opinion, even though he purported to give great weight to Dr. Platter's opinion. The Commissioner does not address this aspect of

---

[4] Although Plaintiff correctly notes that Dr. Lang corroborated the opinion that she would be limited to an occasional use of foot controls with her left leg (dkt. # 10 at 7 (citing AR at 1872)), any error in the ALJ's rejection of this limitation is harmless because none of the jobs identified at step five appears to require the use of foot controls, per the job descriptions. *See* Dictionary of Occupational Titles ("DOT") 249.587-018, 1991 WL 672349; DOT 205.367-014, 1991 WL 671715; DOT 237.367-046, 1991 WL 672194.

Plaintiff's argument in his briefing. (Dkt. # 11.) Because it appears that Dr. Platter's opinion contains limitations not accounted for by the ALJ, the ALJ erred in failing to include those limitations without explanation. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Remand for further proceedings is the appropriate remedy for this error because Dr. Platter ultimately concluded that Plaintiff was not disabled, and thus it is not clear that even if Dr. Platter's opinion were entirely credited Plaintiff would be necessarily found disabled. *See* AR at 225-26. Thus, although Plaintiff requested a remand for a finding of benefits, the Court finds that this remedy is not appropriate under these circumstances. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

**C.      Dr. Lang's Opinions**

Plaintiff assigns error to the ALJ's assessment of opinions provided by Dr. Lang. *See* AR at 1793, 1797, 1870-75. In August 2017, Dr. Lang wrote a letter indicating that Plaintiff could no longer work as a nursing assistant and it was unlikely she would be able to return to that work in the future due to her "lumbar condition." *Id.* at 1797. The ALJ rejected this opinion as pertaining to an issue reserved to the Commissioner, but also noting that this statement is not inconsistent with the ALJ's decision, which finds her incapable of performing her past work as a nursing assistant and limits her to sedentary work. *Id.* at 171. The ALJ's reasoning is accurate: Plaintiff's RFC and disability status are issues reserved to the Commissioner (see 20 C.F.R. § 416.927), and in any event this statement is consistent with the ALJ's RFC assessment, which indicates no error in the ALJ's analysis. *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated

opinions into RFC; ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician).

In September 2017, Dr. Lang wrote that Plaintiff's lumbar condition was "lifelong" and would "likely require medical care for the condition for the rest of [Plaintiff's] life." AR at 1793. The ALJ did not discuss this statement. This statement does not identify any functional limitations or otherwise pertain to Plaintiff's RFC, and is therefore not significant, probative evidence that the ALJ was required to discuss. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative"). Contary to Plaintiff's suggestion (dkt. # 12 at 3-4), a person's need for treatment does not suggest that the person cannot work while receiving that treatment, which is why this statement lacks probative value as to the ALJ's disability determination. Thus, there is no error in the ALJ's decision pertaining to this September 2017 statement.

In December 2017, Dr. Lang completed a form opinion describing Plaintiff's limitations. AR at 1870-75. The ALJ summarized Dr. Lang's opinion, but discounted it because it reflected her limitations during the "postoperative recovery period" after Plaintiff's two lumbar surgeries in September, at a time when Plaintiff "had not yet reached maximum improvement." *Id*. at 171. The ALJ also found that Plaintiff's work activities and travel before September 2017 were inconsistent with the limitations Dr. Lang described in December 2017. *Id*.

Plaintiff argues that the ALJ's finding that her "postoperative recovery period" extended at least until December 2017 is not supported by any evidence. (Dkt. # 10 at 8.) It is true that the ALJ did not cite any evidence to support that assertion, but substantial evidence in the record does indeed support his finding. For example, treatment notes written by a nurse in Dr. Lang's clinic, dated October 31, 2017, describe Plaintiff as "slowly recovering" from her September

surgeries. AR at 1786. That same day, the nurse signed an authorization for Plaintiff to receive a temporary disabled parking pass for six months. *Id.* at 1789. Also that same day, Plaintiff described herself as requiring narcotic medication for "post-op management of pain" and stated that she required help with "everything currently due to surgery." *Id.* at 1790. There are no treatment notes for any appointments between that October visit and Dr. Lang's December 4, 2017, form opinion. The ALJ's characterization of Plaintiff's condition during the fourth quarter of 2017 is amply supported by this evidence. The temporary disabled parking pass valid for six months (with no refills) also indicates that Plaintiff was expected to improve in 2018, contrary to her assertion in her briefing. (Dkt. # 10 at 9 ("Nor is there any evidence that Dr. Lang thought Plaintiff's abilities would improve with time after December, 2017.").)

The ALJ also did not err in noting that Plaintiff was more functional before surgery than in December 2017, at the time of Dr. Lang's opinion. AR at 171. Dr. Lang indicated that the limitations that he described were first present on December 1, 2017 (*id.* at 1875), which corroborates the ALJ's interpretation of this opinion as describing Plaintiff's limitations during her recovery period rather than longitudinally. Because, as described in the previous paragraph, the evidence shows that Plaintiff was temporarily limited in the last few months of 2017 as a result of surgery, the ALJ did not err in discounting Dr. Lang's opinion describing temporary limitations. *See, e.g.*, *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (affirming ALJ's finding that treating physicians' short term excuse from work was not indicative of "claimant's long term functioning.").[5]

---

[5] The Court notes that Plaintiff's opening brief discusses a number of other medical opinions in arguing that the ALJ failed to consider the record as a whole when assessing Dr. Lang's opinions, even though Plaintiff did not specifically assign error to the ALJ's assessment of those opinions on the first page of her opening brief. (Dkt. # 10 at 1, 10-11.) To the extent that Plaintiff attempts to clarify in her Reply that she referenced those other opinions for the purpose of providing context that the ALJ should have discussed

# V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the entirety of Dr. Platter's opinion.

Dated this 19th day of September, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

---

(dkt. # 12 at 7), she has cited no authority requiring an ALJ to explicitly compare a doctor's opinion to other opinions in the record. To the extent that Plaintiff's references to opinions other than those written by Drs. Platter and Lang reflect an intent to unofficially assign error to those opinions, the Court declines to consider whether the ALJ's assessment of those opinions is erroneous. (Dkt. # 9 at 2 ("Assignments of error that are not listed in [the first] section of the opening brief will not be considered or ruled upon.").)