|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| KAYLEEN K.,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. C19-5269-MLP<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for reconsideration. (Dkt. # 15.) On September 19, 2019, the Court entered an order reversing the Commissioner's decision denying benefits with respect to one medical opinion and remanded the case for further administrative proceedings. (Dkt. # 13.) Plaintiff timely filed the motion for reconsideration to request that the Court modify its order to instruct the Commissioner to reconsider all of the challenged medical opinions, rather than only one opinion, because she contends that the Court's order contains manifest errors. (Dkt. # 15.) For the following reasons, the Court finds that Plaintiff has not shown that she is entitled to reconsideration and her motion is therefore DENIED.

ORDER - 1

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citations and quotation marks omitted). "Indeed, 'a motion for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Plaintiff has not shown that she is entitled to relief under Rule 59(e). She first argues that the Court erred by pointing to substantial evidence that supports the ALJ's discounting of an opinion written by Robert Lang, M.D., because his opinion described temporary limitations following Plaintiff's surgery. (Dkt. # 15 at 3.) The Court did not provide a reason not articulated by the ALJ, as Plaintiff suggests (*id*.), but determined whether the reason that was provided by the ALJ was supported by the record. This is not error, as it is the task of the Court to review an ALJ's decision for substantial evidence. *See, e.g.*, *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("The Commissioner's decision must be affirmed by us if supported by substantial evidence, and if the Commissioner applied the correct legal standards.").

Next, Plaintiff raises concerns with a footnote in the Court's order that discussed Plaintiff's argument that the ALJ erred in failing to consider Dr. Lang's opinion in the context of the entire record, specifically three medical opinions identified in the briefing and in her motion. (Dkt. # 15 at 3-6.) The Court explained in that footnote that Plaintiff had not cited any "authority requiring an ALJ to explicitly compare a doctor's opinion to other opinions in the record." (Dkt. # 13 at 8-9 n.5.) Plaintiff contends that the Court overlooked her reference to 20 C.F.R. §

416.927(c) (dkt. # 13 at 6), but this regulation does not require *explicit discussion* of an opinion's consistency with other opinions, as the Ninth Circuit has clarified. *See Kelly v. Berryhill*, 732 Fed. Appx. 558, 562-63 n.4 (9th Cir. May 1, 2018) (clarifying *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017)). Thus, although Plaintiff argues that the ALJ erred because the ALJ did not explicitly compare Dr. Lang's opinions to the three opinions Plaintiff focuses on in her briefing and in her motion, she has still not shown that such a discussion was required.

Lastly, Plaintiff suggests that the Court erred in partially affirming an ALJ's reliance on the opinion of a non-examining State agency consultant, over a treating neurosurgeon's opinions. (Dkt. # 15 at 6-7.) Plaintiff has not shown, either in her motion for reconsideration or in her briefing, that the State agency doctor's opinion was "'contradicted by *all other evidence* in the record,'" and thus has not shown that the ALJ erred by not discounting it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989) (emphasis in original)).

Accordingly, because Plaintiff has failed to show clear error or any other basis for the Court to reconsider its Order, the Court DENIES Plaintiff's motion (dkt. # 15).

Dated this 3rd day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge